[Cite as *Clausen v. Ohio State Univ.*, 2010-Ohio-3932.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN CLAUSEN

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY

    Defendant

    Case No. 2009-08471-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Karen Clausen, filed this action against defendant, The Ohio State University (OSU), contending she is entitled to receive compensation in the amount of $822.00 for hours she worked at the OSU Student Consolidated Service Center (SCSC) from June 22, 2009 to September 11, 2009. Essentially, this claim is grounded as a wage dispute between plaintiff and her employer, OSU. In the form of background information, plaintiff explained she worked as a classified employee with the title Information Associate (a classified civil service position) in the OSU Office of Student Financial Aid for a period of fourteen years, from 1995 to June 2009. Plaintiff further explained that in June 2009, the OSU Office of Student Financial Aid, Bursar Office and Registrar Office, merged into an entity identified as the Student Consolidated Service Center (SCSC), which opened on June 22, 2009. According to plaintiff, when the three offices merged, her position of Information Associate was abolished and she consequently chose to exercise her displacement rights being assigned to a "processing job" at the OSU Fawcett Center. Plaintiff advised she was not transferred when the SCSC office opened, but instead "continued working along with the Student Services

Specialists," (an unclassified civil service position) performing the same duties as these employees along with her old duties as an Information Associate. Plaintiff related that although she essentially worked as a Student Services Specialist she did not receive wages at the Student Services Specialists rate. Plaintiff stated, "[s]ince I was performing the duties of a Student Services Specialist from 6/22/09 through 9/11/09, I'd like to be paid accordingly." Plaintiff filed this complaint asserting she is owed $822.00 in unpaid wages for the twelve week period she performed the job duties of a Student Services Specialist. The filing fee was paid.

{¶ 2} Defendant denied any liability in this matter noting that this court has no jurisdiction to decide claims involving wage disputes between state employers and classified civil service employees. Defendant advised that plaintiff has previously filed appeals with the State Personnel Board of Review regarding her claim that she is entitled to additional compensation for taking on the job duties of a Student Services Specialist. Defendant offered "[s]ince Ms. Clausen is a classified civil service employee the State Personnel Board of Review is the proper jurisdiction for her claim." See *Berry v. Kent State Univ.*, Ct. of Cl. No. 2003-03388, 2004-Ohio-5915. In *Berry*, the court stated "classified civil service employees may appeal certain actions, such as job abolishment, reduction in pay or position, layoff, suspensions in excess of three working days, discharge, and job classification to the State Personnel Board of Review . . . this court is without jurisdiction to review such matters." at ¶14-15.

{¶ 3} Defendant acknowledged plaintiff began working in the Office of Student Financial Aid (SFA) in 1996, was classified as an Information Associate in 1997, and continued to work in the newly created SCSC when that office absorbed SFA in the spring of 2009. Defendant recalled "[s]taff was hired for the SCSC in March and April 2009 (and) [m]ore than 20 positions in the SCSC were posted publicly," but plaintiff did not apply for any positions offered at SCSC. Defendant further recalled plaintiff was "notified on May 21, 2009 that her position was being eliminated due to a reduction-in-force (RIF)." Defendant explained that plaintiff, as a classified civil service employee, had several options to respond to RIF and "[s]he chose displacement, which includes a 90-day period to look for another position at the University." Apparently, plaintiff continued working at SCSC until she was reassigned on September 13, 2009 to the OSU Office of Undergraduate Admissions and First Year Experience. Defendant

denied plaintiff performed "all of the duties of a Student Services Specialist" while she worked at the SCSC office. Defendant denied plaintiff's duties at SCSC matched the job description of a Student Services Specialist and she did not receive formal training comparable to that received by a Student Services Specialist.

{¶ 4} Plaintiff filed a response advising she performed all the job duties of a "newly hired" Student Services Specialist. Plaintiff insisted she is entitled to receive compensation for the services rendered in performing most of the duties of a Student Services Specialist. Plaintiff implied this court has jurisdiction to decide her wage dispute claim.

{¶ 5} It is well-settled that the Court of Claims is a court of limited jurisdiction. R.C. 2743.02(A)(1) provides in relevant part that "[t]he state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * * except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability." Thus, where the state has previously consented to be sued, the Court of Claims lacks jurisdiction.

{¶ 6} The Supreme Court of Ohio has held that "a public officer or employee holds his office or position as a matter of law and not of contract * * * 'nor has such officer or employee a vested interest or private right of property in his office or employment.'" *Fauldauer v. City of Cleveland* (1972), 32 Ohio St. 2d 114, 61 O.O. 2d 374, 290 N.E. 2d 546, quoting *State, ex rel. Gordon v. Bathalow* (1948), 150 Ohio St. 499, 38 O.O. 340, 83 N.E. 2d 393, paragraph one of the syllabus. Likewise, the Tenth District Court of Appeals has ruled that "as a civil service employee, plaintiff in no way holds his position or the right to his position pursuant to contract. * * * Rather, the facts surrounding plaintiff's claim involved [the policies and procedures applicable to] the classified civil service. Thus, plaintiff's action involves a personnel matter more appropriately determined in accordance with those procedures set forth in R.C. Chapters 124 and 119. As these procedures were established before the enactment of the Court of Claims Act, R.C. 2743.02(A)(1) precludes the Court of Claims from having jurisdiction to render a decision in the present case." *Fish v. Ohio Dept. of Transp.*

(Sept. 29, 1988), Franklin App. No. 88AP-355.  Accordingly, plaintiff's claim involving her wages as a classified civil service employee falls outside the jurisdiction of this court and consequently, the claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KAREN CLAUSEN

     Plaintiff

     v.

THE OHIO STATE UNIVERSITY

     Defendant

     Case No. 2009-08471-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Karen Clausen
2981 Jewett Road
Powell, Ohio  43065

Kimberly S. Shumate
Associate General Counsel
The Ohio State University
1590 N. High Street, Suite 500
Columbus, Ohio  43201

RDK/laa
Filed 4/21/10
Sent to S.C. reporter 8/20/10